UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| DECKER TRUCK LINE, INC., <br><br> Plaintiff, <br><br> - vs - <br><br> HALDEX BRAKE PRODUCTS CORPORATION, <br><br> Defendant. | Case No. C20-3014 <br><br> Jury Trial Demanded <br><br> **COMPLAINT** |

## COMPLAINT

Plaintiff, Decker Truck Line, Inc. ("Plaintiff" or "Decker"), by and through counsel, submits this Complaint against Defendant Haldex Brake Products Corporation ("Defendant" or "Haldex") and in support states as follows:

## NATURE OF ACTION

1. Plaintiff purchased Peterbilt Model 579 trucks manufactured by Peterbilt Motors Company, an affiliate of PACCAR Inc ("Peterbilt"). Since July of 2018, Decker has had three Peterbilt Model 579 trucks catch fire while being driven at highway speeds. The fires are caused by a defect within the truck's brake chambers which are designed and manufactured by Haldex. The defects in the brake chambers existed at the time the parts left Haldex's custody and control and are not a result of negligent assembly by Peterbilt. Plaintiff has suffered substantial monetary losses as a direct result of the fires. Plaintiff states claims against Haldex for breach of warranty, negligence, and strict products liability, and seeks compensation for its losses.

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff is corporation organized under the laws of the State of Iowa with its principal place of business in Fort Dodge, Iowa.

3. Haldex is a corporation organized under the laws of Delaware with its principal place of business located in Kansas City, Missouri. Haldex is registered as a foreign corporation to do business in the State of Iowa and conducts business within this Court's jurisdiction.

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1) because Haldex purposefully availed itself of this forum by doing business in the State of Iowa, and, as a result of such conduct, Haldex should reasonably anticipate being hailed to court in this forum, this action is between citizens of different states, and the amount in controversy exceeds $75,000.00.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTS

6. Decker is a freight transportation company which owns and operates a fleet of Class 8 tractors and trailers to provide freight transportation services to customers located in the United States.

7. Decker, through its subsidiary, purchased Peterbilt Model 579 trucks manufactured by Peterbilt that had Haldex brake chambers installed on the trucks at the time of purchase (the "Subject Trucks").

8. The Subject Trucks were purchased by Joseph Leasing Company ("Joseph Leasing"). Joseph Leasing is a wholly owned subsidiary of Decker.

9. Decker has experienced at least three separate instances of defective brake chambers causing the Subject Trucks to catch fire. Specifically, on or about July 9, 2018 one of

Decker's Peterbilt trucks suffered a complete fire loss while traveling in Utah. On or about September 28, 2018, another of Decker's Peterbilt trucks suffered a complete fire loss while traveling in Missouri. Finally, on or about January 19, 2019, another of Decker's Peterbilt trucks suffered a partial fire loss while traveling in Iowa.

10. Upon information and belief, all three fires started as a result of a defect in each of the Subject Truck's brake chambers.

11. At all times hereto, Decker has not used the Subject Trucks or component brake chambers in any unusual way. Decker's use of the Subject Trucks and component brake chambers is and always has been consistent with foreseeable standard industry practice and constitutes normal use and service.

12. Of the fires which were able to be investigated, the investigating parties have concluded the cause to be a defect within the Gold Seal model brake chambers design and/or manufacturing process by Haldex that causes this model of brake chamber to fail more quickly than other models.

13. Based upon information and belief at the time of this Complaint, the design of the springs within the Gold Seal brake chambers are highly compressed, which allows rust pits to develop on the surface of the springs. Eventually the metal springs break due to the rust and compression within the brake chamber and ruptures the diaphragm of the chamber and causes an air leak. The air leak in turn causes the other brakes on the tractor to drag, overheat, and ignite, which starts a wheel fire. Decker reserves the right to conduct further investigations to determine the cause(s) of the product failures and amend, modify or supplement the foregoing preliminary understanding of the cause of the failures.

14. Based upon information and belief at the time of this Complaint, Haldex's manufacturing process for the Gold Seal brake chambers includes dipping the brake chamber springs into a chemical fluid to form a protective coating. It is believed that Haldex's process involved dipping two springs at the same time. However, the two springs would touch each other in the process, and therefore no coating would adhere to where the springs were touching. The result is that a part of the spring was not properly protected with the coating which allowed and/or accelerated corrosion of the spring. Decker reserves the right to conduct further investigations to determine the cause(s) of the product failures and amend, modify or supplement the foregoing preliminary understanding of the cause of the failures.

15. The defective brake chambers resulted in physical damage and loss to the Subject Trucks, the trailers being pulled, and the customer's cargo inside.

16. Upon information and belief at the time of this Complaint, Haldex had prior knowledge of the defective brake chambers that caused damage to Decker. Despite this knowledge, Haldex did not take the remedial measures nor remove the product from the stream of commerce.

17. Haldex knowingly and recklessly permitted a defective product to enter the stream of commerce which could cause substantial bodily and financial injury, and which did cause substantial financial injury to Decker. Haldex demonstrated a flagrant disregard for the safety of persons who might be harmed by the Haldex brake chambers.

18. Decker has incurred, and continues to incur, significant expense relating to the damage to the Subject Trucks, trailers, and cargo expenses to date, which exceeds $600,000.

## COUNT I: NEGLIGENCE

19. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 18 of the Complaint, above, as if fully restated herein.

20. Haldex owed a duty to Plaintiff, as an intended user of its products, to design, manufacture, inspect, and/or install brake chambers that were safe, free from material defects, and would not fail.

21. Haldex negligently breached that duty by allowing its brake chambers to be manufactured, designed, installed, assembled and placed in the stream of commerce that were ill-equipped to withstand every day, ordinary use and dangerous to the Plaintiff.

22. Haldex knew, or reasonably should have known, that the brake chambers it manufactured, designed, installed, and assembled were defective and posed a substantial risk of harm to Plaintiff.

23. Haldex's negligence proximately caused the fires that damaged the Subject Trucks.

24. As a direct and proximate result of Haldex's negligence, Decker has suffered damages in an amount to be determined at trial.

## COUNT II: STRICT PRODUCTS LIABILITY- DESIGN, PRODUCTION AND MANUFACTURE

25. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 24 of the Complaint, above, as if fully restated herein.

26. Haldex manufactured, designed, installed, and assembled the brake chambers contained in the Subject Trucks.

27. Haldex placed the brake chambers contained in the Subject Trucks in the stream of commerce in a defective condition.

28. Since Plaintiff purchased the Subject Trucks, it has used them solely and strictly for their intended use.

29. At the time of the fires, the condition of the subject brake chambers contained in the Subject Trucks had not been materially altered or changed since they left the custody and control of Haldex.

30. The aforementioned brake chambers were defective in design, assembly, production, and/or manufacture, in that they failed to conform to the representations and/or warranties that came with, or should have come with, said product, including, but not limited to, express warranties, implied warranties of merchantability, and/or implied warranty of fitness for a particular purpose.

31. The fires were a direct and proximate result of the defective condition of the aforementioned brake chambers contained in the Subject Trucks.

32. As a result of inherent defects in the brake chambers, the brake chambers themselves are unreasonably dangerous and defective, even if used solely and strictly for their intended use.

33. Because Haldex sold, distributed, designed, and/or manufactured an inherently and unreasonably defective product, Haldex is strictly liable to Plaintiff for all damages caused by the defective brake chambers, regardless of whether Haldex knew, or should have known, that the brake chambers they sold, distributed, assembled, designed and/or manufactured were defective.

34. As a direct and proximate result of Haldex's defective brake chambers, Decker has suffered damages in an amount to be determined at trial.

## COUNT III: BREACH OF EXPRESS AND/OR IMPLIED WARRANTY

35. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 34 of the Complaint, above, as if fully restated herein.

36. Haldex expressly and/or impliedly warranted that the brake chambers it manufactured, designed, assembled, and sold would be free of defect, merchantable, and also fit for the ordinary purposes for which brake chambers are used.

37. Haldex knew its brake chambers would be used in Peterbilt trucks, that the Plaintiff, as a purchaser, would rely upon Haldex to provide a reasonably safe product, and that Plaintiff did rely on Haldex.

38. The Haldex brake chambers in the Peterbilt trucks are the source and cause of the Subject Trucks catching fire and are not fit for the ordinary purpose for which brake chambers are used.

39. Plaintiff has used Haldex's brake chambers for their ordinary purposes.

40. The components of the Haldex brake chambers are not merchantable.

41. Plaintiff provided Haldex with notice of its claims prior to filing this lawsuit.

42. As a result of Haldex's breach of the express and/or implied warranty, Decker has suffered damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

1. That judgment be entered against the Defendant in an amount to be determined at trial for Plaintiff's claims in excess of $75,000, punitive damages, consequential and incidental damages, plus reasonable attorneys' fees, pre-judgment and post- judgment interest; and

2. That the costs of this action be taxed against Defendant; and such other general and equitable relief as the Court deems necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims.

Dated this 22nd day of April, 2020.

        HAGEN, WILKA & ARCHER, LLP

        */s/ David L. Edwards*
        David L. Edwards
        Sara E. Schroeder
        600 S. Main Avenue, Suite 102
        P.O. Box 964
        Sioux Falls, SD 57101-0964
        Telephone: (605) 334-0005
        Facsimile: (605) 334-4814
        E-Mail: david@hwalaw.com
                sara@hwalaw.com

        MAYNE, HINDMAN, DAANE, PARRY & WINGERT

By:   /s/ *James N. Daane* AT0001802
        James N. Daane, P.C.
        701 Pierce Street, Suite 300
        P.O. Box 1678
        Sioux City, IA 51102-1678
        Telephone: (712) 252-2424
        Facsimile: (712) 255-8049
        E-mail: jdaane@maynelaw.com
        ATTORNEYS FOR PLAINTIFF